THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

| | |
|---|---|
| In re:<br><br>COLLINS & AIKMAN CORPORATION, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>) Case No. 05-55927 (SWR)<br>) (Jointly Administered)<br>) (Tax Identification #13-3489233)<br>) Hon. Steven W. Rhodes<br>) |
| COLLINS & AIKMAN CORPORATION and<br>COLLINS & AIKMAN PRODUCTS, CO.,<br><br>Plaintiffs,<br><br>– against –<br><br>PALMETTO SYNTHETICS L.L.C.,<br><br>Defendant. | ) Adv. Pro. No. 07-_____ (___)<br><br>) TRACK II |

**COMPLAINT TO: (I) AVOID AND RECOVER
TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550;
AND (II) DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

---

[1] The Debtors in the jointly administered cases include: Collins & Aikman Corporation; Amco Convertible Fabrics, Inc., Case No. 05-55949; Becker Group, LLC (d/b/a Collins & Aikman Premier Mold), Case No. 05-55977; Brut Plastics, Inc., Case No. 05-55957; Collins & Aikman (Gibralter) Limited, Case No. 05-55989; Collins & Aikman Accessory Mats, Inc. (f/k/a the Akro Corporation), Case No. 05-55952; Collins & Aikman Asset Services, Inc., Case No. 05-55959; Collins & Aikman Automotive (Argentina), Inc. (f/k/a Textron Automotive (Argentina), Inc.), Case No. 05-55965; Collins & Aikman Automotive (Asia), Inc. (f/k/A Textron Automotive (Asia), Inc.), Case No. 05-55991; Collins & Aikman Automotive Exteriors, Inc. (f/k/a Textron Automotive Exteriors, Inc.), Case No. 05-55958; Collins & Aikman Automotive Interiors, Inc. (f/k/a Textron Automotive Interiors, Inc.), Case No. 05-55956; Collins & Aikman Automotive International, Inc., Case No. 05-55980; Collins & Aiken International Services, Inc. (f/k/a Textron Automotive International Services, Inc.), Case No. 05-55985; Collins & Aikman Automotive Mats, LLC, Case No. 05-55969; Collins & Aikman Automotive Overseas Investment, Inc. (f/k/a Textron Automotive Overseas Investment, Inc.) Case No. 05-55978; Collins & Aikman Automotive Services, LLC, Case No. 05-55981; Collins & Aikman Canada Domestic Holding Company, Case No. 05-55930; Collins & Aikman Carpet & Acoustics (MI), Inc., Case No. 05-55982; Collins & Aikman Carpet & Acoustics (TN), Inc., Case No. 05-55984; Collins & Aikman Development Company, Case No. 05-55943; Collins & Aikman Europe, Inc., Case No. 05-55971; Collins & Aikman Fabrics, Inc. (d/b/a Joan Automotive Industries, Inc.), Case No. 05-55963; Collins & Aikman Intellimold, Inc. (d/b/a M&C Advanced Processes, Inc.), Case No. 05-55976; Collins & Aikman Interiors, Inc., Case No. 05-55970; Collins & Aikman International Corporation, Case No. 05-55951; Collins & Aikman Plastics, Inc., Case No. 05-55960; Collins & Aikman Products, Co., Case No. 05-55932; Collins & Aikman Properties, Inc., Case No. 05-55964; Comet Acoustics, Inc., Case No. 05-55972; CW Management Corporation, Case No. 05-55979; Dura Convertible Systems, Inc., Case No. 05-66942; Gamble Development Company, Case No. 05-55974; JPS Automotive, Inc. (d/b/a PACJ, Inc.), Case No. 05-55935; New Baltimore Holdings, LLC, Case No. 05-5592; Owosso Thermal Forming, LLC, Case No. 05-55946; Southwest Laminates, Inc. (d/b/a Southwest Fabric Laminators Inc.), Case No. 05-55948; Wickes Asset Management, Inc., Case No. 05-55962; and Wickes Manufacturing Company, Case No. 05-55968.

Collins & Aikman Corporation and Collins & Aikman Products, Co., the plaintiffs herein (collectively, the "Plaintiff"), alleges that:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding is brought pursuant to Rule 7001, *et seq.* of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 502(d), 547, 548 and 550.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with a case under 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), which is pending in this District.

4. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (F), and (O).

## PARTIES AND BACKGROUND FACTS

5. On May 17, 2005 (the "Petition Date"), Plaintiff and the above-captioned debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and continues to operate as a debtor in possession.

6. Upon information and belief, Palmetto Synthetics L.L.C. ("Defendant") was a creditor of the Plaintiff prior to the filing of the Plaintiff's Chapter 11 case.

7. Plaintiff retains the right to enforce, sue on, settle or compromise all causes of action belonging to the Plaintiff, including claims under §§ 502(d), 547, 548 and 550 of the Bankruptcy Code.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
(Avoidance and Recovery of Preferential Transfers)

8. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 7 of this Complaint as though set forth at length herein.

9. On or within the ninety days preceding the Petition Date, the Plaintiff made, or caused to be made, one or more transfers of money to or for the benefit of Defendant, which transfers are listed in Exhibit A attached hereto and incorporated herein by reference, totaling $113,056.56 (the "Transfers").

10. The Transfers were of a property interest of the Plaintiff.

11. The Transfers were made to or for the benefit of Defendant as a creditor of the Plaintiff.

12. Plaintiff made, or caused to be made, the Transfers for, or on account of, antecedent debt(s) owed by the Plaintiff before such Transfers were made.

13. The Transfers were made while the Plaintiff was insolvent.

14. The Transfers enabled Defendant to receive more than Defendant would receive if: (a) the Plaintiff's bankruptcy case was administered under Chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

15. Interest on the Transfers has accrued and continues to accrue from the date each of the Transfers was made.

3

07-05314-swr    Doc 1    Filed 05/11/07    Entered 05/12/07 00:00:41    Page 3 of 7

16. Defendant was the initial transferee of the Transfers, or the entity for whose benefit the Transfers were made, or was the immediate or mediate transferee of the initial transferee receiving the Transfers.

17. The Transfers, to the extent they are avoided pursuant to § 547(b) of the Bankruptcy Code, may be recovered by the Plaintiff pursuant to § 550(a)(1) of the Bankruptcy Code.

## SECOND CAUSE OF ACTION
### (Avoidance and Recovery of Fraudulent Transfers)

18. Pleading in the alternative, Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint as though set forth at length herein.

19. The Transfers were made within one year prior to the Petition Date.

20. The Transfers were to, or for the benefit of, the Defendant.

21. Upon information and belief, Plaintiff received less than reasonably equivalent value in exchange for the Transfers.

22. Upon information and belief, the Plaintiff was: (i) insolvent on the dates of the Transfers, or became insolvent as a result of the Transfers; and/or (ii) engaged in business or a transaction for which any property remaining with the Plaintiff was an unreasonably small capital at the time of, or as a result of, the Transfers.

23. The Transfers, to the extent they are avoided pursuant to § 548 of the Bankruptcy Code, may be recovered by the Plaintiff pursuant to § 550(a)(1) of the Bankruptcy Code.

## THIRD CAUSE OF ACTION
### (Disallowance of Claims)

24. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 23 of this Complaint as though set forth at length herein.

25. Defendant is the recipient of the Transfers, which are recoverable pursuant to sections 547, 548 and 550 of the Bankruptcy Code, and Defendant has not returned the Transfers to Plaintiff.

26. Based upon the foregoing and pursuant to section 502(d) of the Bankruptcy Code, the claims, if any, must be disallowed since Defendant has not paid or surrendered the Transfers to Plaintiff.

WHEREFORE, Plaintiff prays that this Court enter a judgment against Defendant:

a. On Plaintiff's First Cause of Action, in favor of Plaintiff and against Defendant in an amount not less than the Transfers, plus interest from the date of such Transfers until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees, and directing Defendant to turnover such sum to Plaintiff pursuant to Bankruptcy Code §§ 547(b), and 550(a);

**[Concluded on following page]**

b. On Plaintiff's Second Cause of Action, in favor of Plaintiff and against Defendant in an amount not less than the Transfers, plus interest from the date of such Transfers until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees; and directing Defendant to turnover such sum to Plaintiff pursuant to Bankruptcy Code §§ 548(a)(1)(B), and 550(a);

c. On Plaintiff's Third Cause of Action, in favor of Plaintiff and against Defendant disallowing the Claims unless and until Defendant returns the Transfers to Plaintiff pursuant to Bankruptcy Code § 502(d); and

d. Granting such other and further relief as this Court may deem just and proper.

DATED: May 9, 2007

          COLLINS & AIKMAN
          CORPORATION., *et al.*,
          Debtors and Debtors in Possession
          and Plaintiffs,
          By their Special Counsel,
          TOGUT, SEGAL & SEGAL LLP
          By:

          /s/ Neil Berger
          ALBERT TOGUT (AT-9759)
          NEIL BERGER (NB-3599)
          Members of the Firm
          One Penn Plaza, Suite 3335
          New York, New York 10119
          (212) 594-5000

# EXHIBIT "A"

## COLLINS & AIKMAN CORPORATION, ET AL.
## v.
## PALMETTO SYNTHETICS L.L.C.

| Transfer Date | Check Amount | Pay Type |
|---|---|---|
| 3/30/2005 | $81,642.02 | CHECK |
| 4/21/2005 | $31,414.54 | CHECK |
| TOTAL: | $113,056.56 | |